# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANTHONY MITCHELL,**    CASE NO. 6:22-cv-219-PGB-DCI

      Plaintiff,

v.

**WASTE PRO OF FLORIDA, INC.,**

      Defendant.

_____/

## PARTIES' JOINT BRIEF IN SUPPORT OF APPROVAL OF SETTLEMENT

Plaintiff, ANTHONY MITCHELL, by and through undersigned counsel, and Defendant WASTE PRO OF FLORIDA, INC., by and through undersigned counsel, file this Joint Brief in Support of Approval of the Parties' Settlement Agreement, attached as Exhibit A, and respectfully states as follows:

1. As stated in Plaintiff's Complaint (D.E. 1), Anthony Mitchell was previously an Opt-in Plaintiff in *Wright, et. al. v. Waste Pro USA, Inc., et. al.*, Case No. 0:19-cv-62051-KMM, filed in the United States District Court, Southern District of Florida, Fort Lauderdale Division (the "*Wright* Action"). On January 11, 2022, the Court in the *Wright* Action decertified the collective, dismissing the claims of the Opt-in Plaintiffs.

1

2. Through the course of the litigation Mr. Mitchell determined that he was paid annual bonuses of $1,500.00, $750.00, $2,000.00, $1,462.50, $375, $875, and $2,500 during the time he was employed within the potential FLSA look-back period. Mr. Mitchell contends that Defendant Waste Pro of Florida, Inc., did not include the annual bonuses within the calculation of his regular rate and has calculated his overtime compensation for such bonuses to be approximately $708.33, and an equal amount in liquidated damages. Defendant denies that Plaintiff is owed any additional compensation since it contends the bonuses paid were discretionary and excluded from the regular rate.

3. Mr. Mitchell also contends that Waste Pro of Florida, Inc., had an illegal policy of tying its alleged "day rate" to a set number of hours. Plaintiff contends that Waste Pro of Florida, Inc. had directed that a half-day rate be paid if less than 4 hours were worked by a driver. Plaintiff contends that Defendant violated the FLSA, did not pay a true day rate, and now owes time and one-half damages to Plaintiff for these violations. Pursuant to Plaintiff's pay and time records, utilizing a time and one-half damage calculation as alleged by Plaintiff would result in $12,953.63 in unpaid overtime damages, and an equal amount in liquidated damages.

4. The parties engaged in settlement discussions. Defendant disputed Plaintiff's entitlement to any recovery given the fact that a portion of his claims

accrued in 2016-2017, meaning if Defendant prevailed on either of its statute of limitations or good faith defenses, Plaintiff would be entitled to significantly less. Further, Defendant argued that any and all bonuses that were paid to Mr. Mitchell are discretionary in nature and are properly excluded from the regular rate. Further, Defendant argued that Mr. Mitchell's pay and time records never reflected that she was paid anything less than a full day rate for any of the days she worked for Defendant calling into question Plaintiff's theory of liability. Additionally, Defendant argued that it paid Plaintiff correctly and that no additional overtime premiums were due and owing to Plaintiff.

5. Given the totality of the issues and the strengths and weaknesses of each Party's case, the Parties negotiated to resolve this litigation, exclusive of attorneys' fees and costs, for $7,000.00.

6. On or about September 6, 2022, Plaintiff filed a Notice of Settlement, exclusive of attorney's fees and costs, with the Court. [D.E. 34].

7. The Parties contend that this is a fair and reasonable resolution. Defendant contends it paid Plaintiff in accordance with the FLSA, and acted in good faith, such that liquidated damages and the three-year statute of limitations are not available to Plaintiff's claims. [*See* D.E. 15, Affirmative Defenses.]

## Memorandum of Law

Pursuant to the law of this Circuit, judicial review and approval of this tentative resolution provide final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982).

As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them ... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn Food Stores, Inc.* 679 F.2d at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the parties' agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the

amount of discovery completed; (4) the probability of plaintiff s success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-0rl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

The Parties dispute several material issues. The Parties dispute whether Plaintiff is entitled to additional overtime compensation due to a miscalculation of the regular rate, whether Plaintiff was correctly paid his wages, and whether liquidated damages should be imposed against Defendant. In order to avoid the costs and uncertainty of litigation, the Parties have ultimately resolved this matter pursuant to the Settlement reached after engaging in settlement discussions pursuant to the FLSA scheduling order.  Prior to agreeing to the settlement, Plaintiff was able to review time and pay records, testimony from the Wright Action, as well as other evidence that was discovered during the Wright Action, which provides further support for the reasonableness of the resolution. Defendant does not know what Plaintiff actually reviewed before agreeing to the Settlement and contests that the Wright Action provided any benefit to Plaintiff. Plaintiff was, and is, aware that, should he proceed with litigation, his recovery

might be greater or lesser than that for which he is resolving the case. He wishes to resolve the case in order to avoid the uncertainties of litigation, in a resolution in which he agrees that the amount he is receiving is fair and reasonable. In essence, Plaintiff is receiving approximately 51% of the claimed unpaid overtime wages he claims are owed to him, and approximately 0% of what would be attributed as liquidated damages in this matter. Moreover, Plaintiff does not bear any responsibility for fees and costs, as his counsel will apply to the court for their reasonable attorneys' fees and costs pursuant to local rule if the Court approves this resolution as fair and reasonable and enters judgment hereupon as requested. The amount received by Plaintiff pursuant to the Settlement is a fair and reasonable compromise and should be approved by the Court.

WHEREFORE, the Parties respectfully request that the Court approve the Settlement as fair and reasonable and enter judgment in the amount of $7,000.00, whereupon counsel for Plaintiff will apply to this Court pursuant to LR 7.01 for their reasonable and necessary fees and costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants in this case.

Dated: September 16, 2022.

Respectfully submitted,

*/s/ Paul M. Botros*
Paul M. Botros, Esq.
FBN 0063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone: (954) 327-5352
Facsimile: (954) 327-3017
Email: pbotros@forthepeople.com
C. Ryan Morgan, Esq.
FBN 0015527
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: rmorgan@forthepeople.com

*/s/ Amy S. Tingley*
Amy S. Tingley, Esquire
FBN 0068871
Email: atingley@sctlaw.com
Matthew J. Pearce, Esquire
FBN 0108368
Email: mpearce@sctlaw.com
Stovash, Case & Tingley, P.A
The VUE at Lake Eola
220 North Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393
Facsimile: (407) 316-8969